IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV532-03-MU

| | |
|---|---|
| WILLIAM SQUIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MARVIN POL, Warden of Central ) | |
| Prison, et al., ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner William Squire's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), Respondent's Motion for Summary Judgment, (Document No. 5), and Petitioner's Response to Respondent's Motion for Summary Judgment, (Document No. 7.) For the reasons stated herein, the instant Petition will be <u>dismissed</u> and Respondent's Motion for Summary Judgment <u>granted</u>.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that Petitioner was convicted after trial by jury of three counts of robbery with a dangerous weapon in cases 98 CRS 1884, 253 and 707. Judge Lanning sentenced Petitioner to two consecutive terms of imprisonment for a minimum of 103 months and a maximum of 133 months. Petitioner directly appealed his conviction and on April 4, 2000 the North Carolina Court of Appeals found no error in Petitioner's trial. Almost one year passed before Petitioner filed his first Motion for Appropriate Relief on April 3, 2001. Just 9 days later

1

on April 12, 2001, Judge Shirley Fulton dismissed Petitioner's Motion for Appropriate Relief. On February 20, 2002, Petitioner filed a second Motion for Appropriate Relief, which was denied 6 days later on February 26, 2002. Petitioner filed a Writ of Certiorari on August 22, 2002 which was denied September 10, 2002. In the instant habeas petition filed on November 5, 2003[1], fourteen months after Petitioner's writ of certiorari was denied and some forty two months after Petitioner's conviction became final, Petitioner alleges that: (1) his conviction was obtained by action of a jury which was unconstitutionally selected and impaneled; and (2) his trial counsel and appellate counsel were ineffective.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the

---

[1] The docket sheet reflects that the instant Petition was filed on 11/5/03. However, the Court notes that the Petition is signed and dated 10/30/03 and the certificate of service is dated 10/20/05.

Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record reflects that Petitioner's Habeas Petition is time-barred. That is, the record establishes that after Petitioner was sentenced , he directly appealed his conviction. The North Carolina Court of Appeals issued its opinion on Petitioner's appeal from judgment on April 4, 2000. Because Petitioner did not file a timely notice of appeal or petition for discretionary review to the Supreme Court of North Carolina on direct appellate review, his case became final on direct review 35 days after the April 4, 2000 opinion of the Court of Appeals, i.e. May 9, 2000. See N.C.R. of App. P., Rules 14(a), 15(b) (notice of appeal and PDR to Supreme Court of North Carolina must be filed within 15 days of issuance of the mandate of the Court of Appeals); N.C.R. of App. P. Rule 32(b) (unless court orders otherwise, mandate consisting of a copy of the judgment and opinion issues 20 days after written opinion filed). The one-year period of limitations began to run on May 9, 2000. However, the one-year period of limitations can be tolled while a properly filed state post-conviction action is pending. 28 U.S.C. § (d)(2).

Here Petitioner's one year period of limitation which began to run on May 9, 2000, ran for 11 months before Petitioner filed his first Motion for Appropriate Relief ("MAR") on April 3,

3

2001. Petitioner's MAR was denied just 9 days later on April 12, 2001. Petitioner did not filed a writ of certiorari by the North Carolina Court of Appeals but filed a second MAR instead on February 20, 2002. The second MAR was denied six days later on February 26, 2002. This time Petitioner did seek writ of certiorari review, which was denied on September 10, 2002. Fourteen months after Petitioner's writ of certiorari was denied, he filed the instant petition. Assuming arguendo that Petitioner was entitled to tolling of all time from the filing of his first MAR until the denial of his second MAR by the North Carolina Court of Appeal, including the time from the April 12, 2001, denial if the first MAR until the filing of the second MAR, when Petitioner's federal habeas petition was filed almost fourteen months had lapsed in which there was no state post-conviction application pending. Petitioner's federal habeas petition was filed well out of time.

Furthermore, it is quite apparent that the Petitioner has failed to articulate a proper basis for tolling the applicable limitation period or otherwise extending the time in which to file the instant Motion. Rather, aware of this bar to his petition, as it was raised it the state's motion for summary judgment, Petitioner simply claims that he did not know about the one-year limitation period because his lawyer never told him about it and because he does not have access to a library to research such limitations. However this excuse will not save the Petitioner's petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Furthermore, Petitioner cannot succeed on his claim that his

4

attorney was ineffective for failing to tell him about the one-year period of limitations. Mackall v. Angelone, 131 F.3d 442 (4th Cir.) (Attorney error on state post-conviction review cannot constitute ineffective assistance of counsel as "cause" for procedural default, because no right to counsel in post-conviction proceedings.), cert denied, 522 U.S. 1100 (1998); 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** and Respondent's Motion for Summary Judgment is **GRANTED**.

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge